

**Phillips Lytle LLP**

**Via CM/ECF & Hand Delivery**  August 7, 2024
Hon. Jeremiah J. McCarthy
United States Magistrate Judge
United States District Court
Western District of New York
2 Niagara Square
Buffalo, NY 14202

Re:  *J.C. v. Catholic Health System, Inc.*
 Civil Index No. 1:23-cv-00796-JLS-JJM

Dear Magistrate Judge McCarthy:

Defendant Catholic Health System, Inc. ("CHS") submits this response to Plaintiff's recent submission (ECF No. 52) and to identify recent relevant case law.

The cases identified by Plaintiff are distinguishable for several reasons. First, unlike here, the information allegedly disclosed in those cases was more than just general browsing data. *Cooper v. Mount Sinai Health Sys., Inc.*, 2024 WL 3586357, at *7 (S.D.N.Y. July 30, 2024) (disclosures included "the days on which [plaintiffs] sought treatment, as well as the services they selected, and their patient statuses, medical conditions, treatments, and provider and appointment information"); *Smith v. Loyola Univ. Med. Ctr.*, 2024 WL 3338941, at *1 (N.D. Ill. July 9, 2024) (disclosures included "web users' sensitive health information, such as their status as patients, medical appointments, healthcare providers, medical conditions, and treatments"); *R.C. v. Walgreen Co.*, 2024 WL 2263395, at *3 (C.D. Cal. May 9, 2024) (disclosures included "services selected, assessment responses, patient statuses, medical conditions, treatments, and provider information" as well as fact that customer was purchasing identified "sensitive healthcare products including Plan B, HIV tests, pregnancy tests, prenatal vitamins, hyperglycemic/ hypoglycemic management products and numerous other products"); *Hartley v. Univ. of Chicago Med. Ctr.*, 2024 WL 1886909, at *1 (N.D. Ill. Apr. 30, 2024) (complaint alleged defendant "'sells' the information disclosed at the patient's portal" that patients use "to schedule appointments, request test results, and obtain similar types of information"); *Sweat v. Houston Methodist Hosp.*, 2024 WL 3070184, at *1 (S.D. Tex. June 20, 2024) (pixel allegedly embedded in "private patient portal"); *Mekhail v. N. Mem'l Health Care*, 2024 WL 1332260 (D. Minn. Mar. 28, 2024) (pixel allegedly embedded in "password-protected patient portal," and disclosures included "appointments, including their type and procedures scheduled; information about patients' providers; patient communications; patient insurance status; and patient gender and sexual orientation"). In fact, one case agreed that disclosure of "browsing activity" for public webpages containing "general health information" does not allege a HIPAA violation because it does not relate specifically to a plaintiff's health. *Walgreen*, 2024 WL 2263395, at *3.

ATTORNEYS AT LAW

ANNA MERCADO CLARK, CIPP/E, CIPP/US, CIPM, FIP   PARTNER   DIRECT 212 508 0466   ACLARK@PHILLIPSLYTLE.COM

620 EIGHTH AVENUE 38TH FLOOR NEW YORK, NEW YORK 10018-1442 PHONE (212) 759-4888 FAX (212) 308-9079 | PHILLIPSLYTLE.COM
NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | CHICAGO, IL | WASHINGTON, DC | CANADA: WATERLOO REGION



Second, some of the decisions did not consider whether the disclosures constituted individually identifiable health information ("IIHI") under HIPAA.  *See id.* at *15 (relying on state-law invasion of privacy claim to find crime-tort exception adequately alleged); *McCully v. Banner Health*, No. 23-CV-00985 (D. Ariz. June 21, 2024) (relying on "theories of common law tort and state law" from California, Colorado, and Arizona to hold crime-tort exception applied).  And none addressed *American Hospital Association v. Becerra*'s holding that metadata from unauthenticated public webpages "cannot become IIHI based solely on the visitors' subjective motive for visiting the page."  2024 WL 3075865, at *12 (N.D. Tex. June 20, 2024).

Third, these decisions emphasize that the plaintiff must plausibly allege that "information specific to herself" was disclosed.  *See Walgreen*, 2024 WL 2263395, at *6 (agreeing that plaintiffs must "allege facts demonstrating how plaintiffs themselves interacted with that website"); *Hartley*, 2024 WL 1886909, at *2 (holding addition of "over ninety (90) new paragraphs" remedied previous failure to allege disclosure of "information specific" to plaintiff).

Additionally, three recent decisions support that the ECPA claim here should be dismissed.

- *Rodriguez v. FastMed Urgent Care, P.C.*, 2024 WL 3541582 (E.D.N.C. July 24, 2024), held the crime-tort exception did not apply because the defendant "intercepted and disclosed the class members' information for commercial use or gain, not to commit a crime or tort." *Id.* at *5.  The court thus dismissed the ECPA claim despite the pixel allegedly being installed on the "MyChart portal," which plaintiff used to "message doctors, view doctor's notes, schedule appointments, and review her medication," and declined supplemental jurisdiction over the remaining claims.  *Id.* at *1, *3, *6.  A copy of *FastMed* is attached as **Exhibit A**.

- *Smart v. Main Line Health*, 2024 WL 2943760 (E.D. Pa. June 10, 2024), held the crime-tort exception did not apply because the plaintiff failed to allege "what specific HIPAA-protected information Plaintiff *himself* provided to Defendant via his browsing activity that was subsequently disclosed."  *Id.* at *3.  The complaint instead provided "an example of a search by a *hypothetical visitor* to the Main Line Health webpage."  *Id.*  The Complaint here alleges similar hypothetical searches (ECF No. 1 ¶ 99), which, as Plaintiff's counsel acknowledged at oral argument, did not relate to Plaintiff.  A copy of *Smart* is attached as **Exhibit B**.

- *Roe v. Amgen Inc.*, 2024 WL 2873482 (C.D. Cal. June 5, 2024), held the crime-tort exception is inapplicable if "the primary motivation is to make money rather than to injure plaintiffs tortiously or criminally."  *Id.* at *6.  A copy of *Roe* is attached as **Exhibit C**.

Respectfully Submitted,

By */s/ Anna Mercado Clark*

Anna Mercado Clark, CIPP/E, CIPP/US, CIPM, FIP

cc.      w/ encs. (served via CM/ECF): Plaintiff's Counsel of Record