UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

J.C., on behalf of herself and all others similarly situated,

    Plaintiff,

v.

CATHOLIC HEALTH SYSTEM, INC.,

    Defendant.

───────────────────────────────

23-CV-796 (JLS) (JJM)

## DECISION AND ORDER

Plaintiff J.C. seeks relief, on behalf of herself and all others similarly situated, against Defendant Catholic Health System, Inc., for alleged violations of the Electronic Communications Privacy Act ("ECPA"), certain New York statutes, and common law when Defendant allegedly disclosed confidential personally identifiable information and protected health information to third parties without consent. *See generally* Dkt. 1.

Defendant moved to dismiss the complaint. Dkt. 10. Plaintiff responded (Dkt. 15), and Defendant replied (Dkt. 23). With permission, Plaintiff filed a sur-reply (Dkt. 26), and Defendant responded (Dkt. 28). *See* Dkt. 25 (text order granting permission for additional briefing).

United States Magistrate Judge Jeremiah J. McCarthy[1] held oral argument on February 5, 2024. Dkt. 29. Thereafter, Judge McCarthy allowed supplemental briefing on a jurisdiction issue (Dkt. 30), which the parties submitted (Dkt. 31; Dkt. 32; Dkt. 33). Each party then submitted various notices of supplemental authority, which the other party responded to. Dkt. 34 (Plaintiff); Dkt. 36 (Defendant); Dkt. 42 (Defendant); Dkt. 43 (Plaintiff); Dkt. 48 (Defendant); Dkt. 49 (Plaintiff); Dkt. 50 (Defendant); Dkt. 52 (Plaintiff); Dkt. 53 (Defendant).

On August 29, 2024, Judge McCarthy issued a report and recommendation ("R&R"), recommending that this Court: (1) deny Defendant's motion to dismiss, to the extent it seeks dismissal for lack of standing; (2) grant Defendant's motion to dismiss, to the extent it seeks dismissal for failure to state an ECPA claim; (3) grant Plaintiff permission to amend her ECPA claim; and (4) decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, unless and until Plaintiff states a viable federal claim. Dkt. 54.

Plaintiff objected to a narrow portion of the R&R—in particular, the conclusion that the two-year statute of limitations for the alleged ECPA violations began to run on the date of each violation. Dkt. 55. Defendant responded (Dkt. 57), and Plaintiff replied (Dkt. 58). Defendant also filed a sur-reply. Dkt. 59.

---

[1] The Court referred the case to Judge McCarthy for all proceedings, pursuant to 18 U.S.C. §§ 636(b)(1)(A), (B) and (C). Dkt. 11.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

Based on this Court's *de novo* review of Judge McCarthy's R&R, the relevant record, and the relevant authority, the Court accepts and adopts Judge McCarthy's recommendations to (1) deny Defendant's motion to dismiss as to standing, (2) grant Defendant's motion to dismiss as to failure to state an ECPA claim, (3) grant Plaintiff leave to amend her ECPA claim, and (4) for now, decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. This Court notes that Plaintiff's amendment may address the statute-of-limitations issue. *See Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 153–54 (2d Cir. 2024) (*cert.* pet. pending).

## CONCLUSION

For the reasons stated above and in the R&R, the Court grants, in part, and denies, in part, Defendant's motion to dismiss (Dkt. 10), as specified above. The Court refers this case back to Judge McCarthy for further proceedings, consistent with the referral order at Dkt. 11.

SO ORDERED.

Dated:   January 30, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE